# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| LOUIS AMODEO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| RICOH U.S.A., INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, Plaintiff Louis Amodeo (hereinafter "Plaintiff") by and through his attorneys Baird Lightner Millsap, P.C., and for his Complaint against Defendant Ricoh U.S.A., Inc. ("Defendant") states as follows:

## PARTIES

1.     Plaintiff is a 47 year old man who was at all times mentioned herein, a resident of Greene County, Missouri.

2.     Defendant is a foreign corporation in good standing, doing business in Springfield, Missouri. It may be served through its registered agent CT Corporation, 120 S. Central Avenue, Clayton, Missouri 63105.

## JURISDICTION AND VENUE

3.     This Complaint is brought for violations of the Missouri Human Rights Act, R.S.Mo. §213.010, *et. seq.*, Title VII, 42 U.S.C. §2000(e) *et. seq.*, the Americans with Disabilities Act, 42 U.S.C. §12101 *et. seq.*, the Family and Medical Leave Act, 29 U.S.C. §2601 *et. seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §621 *et. seq.*

1

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and Plaintiff's state claims pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events and occurrences giving rise to Plaintiff's claims occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff dually filed a Charge of Discrimination with the EEOC and the Missouri Commission on Human Rights on August 2, 2016.

7. On or about May 17, 2016, the EEOC issued to Plaintiff his Notice of Right to Sue and this lawsuit was filed within 90 days of the issuance of the EEOC's Notice of Right to Sue. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. On or about June 16, 2017, the MCHR issued to Plaintiff his Notice of Right to Sue and this lawsuit was filed within 90 days of the issuance of the MCHR's Notice of Right to Sue. All conditions precedent to the institution of this lawsuit have been fulfilled.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff was initially hired by Defendant in 2000. At the time of his termination, Plaintiff was the Senior Account Executive in the Springfield, Missouri, location.

10. Beginning in September 2014, Defendant began redistributing Plaintiff's accounts causing him to lose many of his accounts.

11. The redistribution of accounts continued into 2015 when Tyler Long ("Long") was assigned as Plaintiff's supervisor. Long is under 40 years of age.

12. After becoming Plaintiff's supervisor, Long began a pattern and practice of disciplining Plaintiff for minor issues. Other employees were not disciplined in a similar manner.

2

13. Plaintiff complained to Long that he did not believe the disciplinary actions were valid and that he was being singled out for discipline. Plaintiff's complaints were ignored.

14. Long's behavior continued. Plaintiff complained to Long that he believed Long was continuing his behaviors in retaliation for earlier complaints and Long's desire to end Plaintiff's employment. Long's behavior of singling out Plaintiff continued.

15. In September or October 2015, Plaintiff mentioned to Long that he was diagnosed with ADHD in 2012. Long responded "That tells me a lot." Long perceived this diagnosis as a disability (actual or perceived) and an opportunity to terminate Plaintiff's employment.

16. Long continued a pattern of imposing work restrictions on Plaintiff that he did not impose on other employees. Long would impose disciplinary actions on Plaintiff for any perceived violation of his restrictions.

17. Long imposed these restrictions and disciplinary actions on Plaintiff because of his perceived disability, age, and desire to terminate his employment.

18. On or around Thanksgiving 2015, Plaintiff used vacation and sick days to address health conditions he has had since birth and from a surgery in 2006.

19. At the recommendation of Defendant's HR Director, Lisa Ritter ("Ritter"), Plaintiff applied for short-term disability in December 2015.

20. Ritter recommended that Plaintiff applied for short-term disability instead of leave under the FMLA.

21. In late February/early March 2016, Plaintiff applied for leave under the FMLA.

22. In April 2016, Defendant made the determination that Plaintiff was unable to drive a vehicle and unable to return to work.

3

23. Defendant (by its agents/employees) did not discuss with Plaintiff any possible accommodation that would allow him to continue his employment.

24. Plaintiff was terminated effective April 14, 2016.

25. On or about April 20, 2016, Plaintiff received correspondence from Defendant stating that Plaintiff needed to provide certain information by April 28, 2016. The correspondence implied he was still employed even though he was terminated effective April 14, 2016.

26. Plaintiff was an "employee" during all times pertinent to this Complaint as defined by the MHRA, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Family Medical Leave Act.

## COUNT I—AGE HARASSMENT AND DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT, R.S.Mo. §213.010 *et.seq.*

27. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 26 above.

28. With respect to his claims under the MHRA, all conditions precedent to jurisdiction under Chapter 213 have occurred or have been complied with, to-wit: charges of discrimination were timely filed claiming harassment and discrimination on the basis of age; right to sue letters have been obtained.

29. Plaintiff was an "employee" during all times pertinent to this Complaint under the MHRA.

30. Defendant was an "employer" during all times pertinent to this Complaint under the MHRA.

31. Defendant subjected Plaintiff to harassment and discrimination based on his age. As a result, the terms, conditions, privileges, and compensation of Plaintiff's employment were affected.

4

32. There was a continuing pattern and practice of age harassment and discrimination in Plaintiff's work environment. The harassment and discrimination constituted a hostile work environment, which was emotionally and physically distressing to Plaintiff.

33. Defendant failed to take reasonable care to prevent the harassing conduct to which Plaintiff was subjected and failed to exercise reasonable care to correct that conduct.

34. Defendant failed to adopt and/or enforce an adequate policy against harassing conduct, based on age, in the workplace.

35. Defendant's harassing and discriminatory actions were a contributing factor to employment actions taken against Plaintiff ultimately resulting in his termination.

36. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has suffered and will continue to suffer embarrassment, humiliation, mental anguish, emotional distress, and loss of wages and career advancement.

37. Defendant's actions were willful.

38. Because of said injuries, Plaintiff is entitled to compensatory damages in such an amount the jury finds reasonable for pain and suffering, lost wages/salary, loss of employment benefits, loss of enjoyment of life, humiliation, mental distress and anxiety, inconvenience, attorney fees and punitive damages for Defendant's reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages; including, but not limited to: back pay, lost benefits, and front pay, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II—DISABILITY HARASSMENT AND DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT, R.S.Mo. §213.010 *et.seq.*

39. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 38 above.

40. With respect to his claims under the MHRA, all conditions precedent to jurisdiction under Chapter 213 have occurred or have been complied with, to-wit: charges of discrimination were timely filed claiming harassment and discrimination on the basis of disability; right to sue letters have been obtained.

41. Plaintiff was an "employee" during all times pertinent to this Complaint under the MHRA.

42. Defendant was an "employer" during all times pertinent to this Complaint under the MHRA.

43. Defendant subjected Plaintiff to harassment and discrimination based on his disability (actual or perceived). As a result, the terms, conditions, privileges, and compensation of Plaintiff's employment were affected.

44. There was a continuing pattern and practice of disability harassment and discrimination in Plaintiff's work environment. The harassment and discrimination constituted a hostile work environment, which was emotionally and physically distressing to Plaintiff.

45. Defendant failed to take reasonable care to prevent the harassing conduct to which Plaintiff was subjected and failed to exercise reasonable care to correct that conduct.

46. Defendant failed to adopt and/or enforce an adequate policy against harassing conduct, based on disability, in the workplace.

47. Defendant's harassing and discriminatory actions were a contributing factor to employment actions taken against Plaintiff ultimately resulting in his termination.

6

48. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has suffered and will continue to suffer embarrassment, humiliation, mental anguish, emotional distress, and loss of wages and career advancement.

49. Defendant's actions were willful.

50. Because of said injuries, Plaintiff is entitled to compensatory damages in such an amount the jury finds reasonable for pain and suffering, lost wages/salary, loss of employment benefits, loss of enjoyment of life, humiliation, mental distress and anxiety, inconvenience, attorney fees and punitive damages for Defendant's reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages; including, but not limited to: back pay, lost benefits, and front pay, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT III—DISCRIMINATION AND RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (AS AMENDED), 42 U.S.C. §12101 *et. seq.*

51. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, paragraphs 1 through 50 above.

52. Plaintiff was an "employee" during all times pertinent to this Complaint under the ADA.

53. Defendant was an "employer" during all times pertinent to this Complaint under the ADA.

54. Prior to and at the time of his termination, Plaintiff was qualified to perform the essential functions of his position, with or without a reasonable accommodation.

7

55. Plaintiff engaged in statutorily-protected activity under the ADA by requesting short-term disability leave and leave under the FMLA.

56. Defendant subjected Plaintiff to harassment, discrimination, and retaliation based on his disability and/or a perceived disability. As a result, the terms, conditions, privileges, and compensation of Plaintiff's employment were affected.

57. Despite Defendant's knowledge of Plaintiff's actual or perceived disability, Plaintiff was never offered an accommodation.

58. Throughout his employment, and until the date of Plaintiff's termination, Defendant engaged in unlawful employment practices.

59. The effect of the practice complained of above has been to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect his status as an employee because of his disability and/or perceived disability.

60. The unlawful employment practices described above were intentional.

61. The unlawful employment practices complained of above were done with malice or with reckless indifference to the protected rights of Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including, but not limited to: back pay, lost benefits, and front pay, compensatory damages, including liquidated damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT IV-AGE DISCRIMINATION AND RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA"), 29 U.S.C. §621 *et. seq.*

8

62. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 61 above.

63. With respect to his claims under the ADEA, all conditions precedent to jurisdiction have occurred or have been complied with, to-wit: charges of discrimination were timely filed claiming age harassment, discrimination, and retaliation; right to sue letters have been obtained.

64. Plaintiff was an "employee" during all times pertinent to this Complaint under the ADEA.

65. Defendant was an "employer" during all times pertinent to this Complaint under the ADEA.

66. Defendant subjected Plaintiff to harassment and discrimination based on his age. As a result, the terms, conditions, privileges, and compensation of Plaintiff's employment were affected.

67. There was a continuing pattern and practice of age harassment and discrimination in Plaintiff's work environment. The harassment and discrimination constituted a hostile work environment, which was emotionally and physically distressing to Plaintiff.

68. Plaintiff complained of the harassment and discrimination. Following his complaints, the harassing and discriminatory behavior continued.

69. There was a continuing pattern and practice of age discrimination in Plaintiff's work environment.

70. Defendant failed to take reasonable care to prevent the harassing conduct to which Plaintiff was subjected and failed to exercise reasonable care to correct that conduct.

9

71. Defendant failed to adopt and/or enforce an adequate policy against harassing conduct, based on age, in the workplace.

72. Defendant's harassing and discriminatory actions were a motivating factor to employment actions taken against Plaintiff ultimately resulting in his termination.

73. Defendant retaliated against Plaintiff for his complaints by altering his working conditions, imposing discipline upon him, and ultimately terminating his employment.

74. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has suffered and will continue to suffer embarrassment, humiliation, mental anguish, emotional distress, and loss of wages and career advancement.

75. Defendant's actions were willful and intentional.

76. Because of said injuries, Plaintiff is entitled to compensatory damages in such an amount the jury finds reasonable for pain and suffering, lost wages/salary, loss of employment benefits, loss of enjoyment of life, humiliation, mental distress and anxiety, inconvenience, attorney fees and punitive damages for Defendant's reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages; including, but not limited to: back pay, lost benefits, and front pay, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT V—INTERFERENCE AND RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT, 42 U.S.C. §2601 *et. seq.*

77. Plaintiff hereby incorporates each and every allegation set forth in paragraphs 1 through 76 above, as if specifically set forth herein.

78. Plaintiff was an "employee" during all times pertinent to this Complaint under the

FMLA.

79. Defendant was an "employer" during all times pertinent to this Complaint under the FMLA.

80. Throughout his employment, and until the date of Plaintiff's termination, Defendant engaged in unlawful employment practices.

81. Plaintiff engaged in statutorily protected activity under the FLMA by requesting and taking medical leave from work for a serious health condition.

82. Plaintiff was terminated following his request for leave under the FMLA.

83. Plaintiff suffered adverse employment actions, including but not limited to the following:

    a. Plaintiff was not allowed to return to work after requesting and/or taking FMLA leave;

    b. Plaintiff was wrongfully terminated from his employment after requesting FMLA leave.

84. As a result, the terms, conditions, privileges, and compensation of Plaintiff's employment were affected.

85. A causal connection exists between Plaintiff's exercise of his FMLA rights and the adverse employment actions he suffered.

86. The effect of the practice complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of the exercise of his rights under the FMLA.

87. The unlawful employment practices described above were intentional.

11

88. The unlawful employment practices complained of above were done with malice or with reckless indifference to the protected rights of Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including, but not limited to: back pay, lost benefits, and front pay, compensatory damages, including liquidated damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## COUNT VI—RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT, R.S.Mo. §213.010 *et.seq.*

89. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 88 above.

90. With respect to his claims under the MHRA, all conditions precedent to jurisdiction under Chapter 213 have occurred or have been complied with, to-wit: charges of discrimination were timely filed claiming retaliation; right to sue letters have been obtained.

91. Plaintiff was an "employee" during all times pertinent to this Complaint under the MHRA.

92. Defendant was an "employer" during all times pertinent to this Complaint under the MHRA.

93. During his employment, Plaintiff complained to Defendant, through Long, that he was treating him differently based on his age and disability (actual or perceived).

94. Long ignored the complaints and Long's behavior continued.

95. Defendant subjected Plaintiff to retaliation for his complaints. As a result, the terms, conditions, privileges, and compensation of Plaintiff's employment were affected.

12

96. Defendant failed to take reasonable care to prevent the retaliatory conduct to which Plaintiff was subjected and failed to exercise reasonable care to correct that conduct.

97. Defendant failed to adopt and/or enforce an adequate policy against retaliation, in the workplace.

98. Defendant retaliated against Plaintiff by altering his working conditions, imposing work restrictions on him that were not placed on other employees, and ultimately terminating his employment.

99. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has suffered and will continue to suffer embarrassment, humiliation, mental anguish, emotional distress, and loss of wages and career advancement.

100. Defendant's actions were willful and intentional.

101. Because of said injuries, Plaintiff is entitled to compensatory damages in such an amount the jury finds reasonable for pain and suffering, lost wages/salary, loss of employment benefits, loss of enjoyment of life, humiliation, mental distress and anxiety, inconvenience, attorney fees and punitive damages for Defendant's reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages; including, but not limited to: back pay, lost benefits, and front pay, compensatory damages, punitive damages, for reasonable attorneys' fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of this action.

Respectfully submitted,

BAIRD LIGHTNER MILLSAP, P.C.


By: /s/ *Jennifer A. Mueller*
　　　JENNIFER A. MUELLER, #50142
　　　1901-C South Ventura Avenue
　　　Springfield, MO 65804-2700
　　　Telephone (417) 887-0133
　　　Facsimile (417) 887-8740
　　　jmueller@blmhpc.com

　　　Attorneys for Plaintiff

14

# VERIFICATION

Louis Amodeo, being first duly sworn under oath, presents that he is the Plaintiff in this action; that he knows the contents of the Complaint; and that the information contained therein is true to the best of his knowledge and belief.

_____
LOUIS AMODEO

STATE OF MISSOURI     )
                              ) ss.
COUNTY OF GREENE     )

On this 7th day of July, 2017, before me personally appeared Louis Amodeo, known to me to be the person described in and who executed the foregoing document and acknowledged said instrument to be her free act and deed.

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed my seal at my office in Greene County, Missouri, the day and year first above written.

_____
Notary Public Signature

_____
Notary Public Printed

SEAL

```
ANNE M. PEICHOCKI
Notary Public – Notary Seal
STATE OF MISSOURI
Greene County
My Commission Expires June 20, 2019
Commission #15421723
```